NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**THEODORE BELL, et al.,**

    Plaintiffs,

v.

**PLYMOUTH ROCK TRANSPORTATION CORPORATION, et al.,**

    Defendants.

04-CV-1354 (WJM)

OPINION

Jeffrey S. Goldstein, Esq.
Gallo, Geffner & Fenster, P.C.
West 115 Century Road
Paramus, NJ 07652

    *(Attorneys for Plaintiffs)*

Paulette Brown, Esq.
Bruce Kasten, Esq.
Duane Morris LLP
744 Broad Street., Suite 1200
Newark, NJ 07110

    *(Attorneys for Defendant Plymouth Rock Transportation)*

Dear Counsel:

    This matter comes before the Court on Defendant Plymouth Rock Transportation's ("Plymouth's") certification of attorney's fees submitted in response to the Court's November 21, 2005 order awarding said fees under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq. (2000). In light of the most recent briefings, however,

1

and for the reasons set forth below, the Court **VACATES** its prior opinion and order as to the award and **DENIES** Plymouth's July 1, 2005 motion for attorney's fees.

*Background*

On November 21, 2005, the Court issued an opinion granting Plymouth's motion for summary judgment and awarding Plymouth attorney's fees under the WARN Act.  Plymouth has now submitted a certification of attorney's fees in the amount of $142,295.36, which Plaintiffs contest.

The WARN Act provides that "the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs."  29 U.S.C. § 2104(a)(6).  In *United Steelworkers of America v. North Star Steel Co.*, 5 F.3d 39, 44 (3d Cir. 1993), the Third Circuit held that, in awarding attorney's fees under the WARN Act, the prevailing plaintiff  "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Based on the language in the statute and *United Steelworkers*, the Court granted Plymouth's motion for fees.  Plaintiffs now argue that *United Steelworkers* applies only to those cases in which *plaintiffs* prevail and that prevailing defendants must prove frivolousness in order to recover fees.

*Analysis*

There is very little case law interpreting the WARN Act fee-shifting provision where defendants are the prevailing party and none in the Third Circuit.  The Court, however, finds *Solberg v. Inline Corp*., 740 F.Supp. 680 (D. Minn.,1990), instructive on this point.  The court in this case, rightly characterizing the WARN Act as a remedial statute, likened its fee provision to

2

the fee provision of Title VII of the Civil Rights Act of 1964.  *Id.* at 687.  Noting that, under Supreme Court jurisprudence, prevailing defendants in Title VII cases may recover fees only if the suit was "frivolous, unreasonable, or without foundation," the *Solberg* court applied the same standard to the WARN Act.  *Id.* (citing *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412 (1978)).

Because the Court finds the above reasoning sound, the Court also adopts the standard articulated by the court in *Solberg*.[1]  To do otherwise would create a chilling effect not contemplated by Congress when passing the WARN Act.  The Court further finds that Plaintiffs' claims were not frivolous, unreasonable, or without foundation.  For these reasons, and in the interest of justice, the Court vacates its prior opinion and order as to the award of attorney's fees and denies Plymouth's prior motion for fees.

*Conclusion*

In light of the parties' most recent briefings and the above analysis, Court vacates its prior opinion and order as to the award of attorney's fees and denies Plymouth's July 1, 2005 motion for fees.



s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[1] Because the Court does not believe the WARN Act is "strictly a private [grievance]," but rather serves a remedial purpose, it is not persuaded by the reasoning of the bankruptcy court in *Oregon Dept. of Transp. v. Arrow Transp. Co.*, 229 B.R. 456, 463 (D. Or. 1999), which, likening the fee provision of the WARN Act to that of the Copyright Act, held that prevailing plaintiffs and prevailing defendants should not be subject to different standards.